IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ALFREDO ODAR,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:21-cv-00027 |
| FELIX ENERGY HOLDINGS II, LLC<br>AND ROCKY MOUNTAIN CRUDE<br>OIL LLC,<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§ | |

### DEFENDANT FELIX HOLDINGS II, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant **FELIX ENERGY HOLDINGS II, LLC** ("**Felix**") files this Notice of Removal and in support thereof shows the Court as follows:

### I.
### STATE COURT ACTION

1.　On or about March 12, 2021, Plaintiff **ALFREDO ODAR** ("Plaintiff" or "**ODAR**") sued Defendants **FELIX** and his employer, **ROCKY MOUNTAIN CRUDE OIL, LLC**, in the 143rd District Court of Reeves County, Texas, in Cause Number 21-03-23887-CVR, styled *Alfredo Odar v. Felix Energy Holdings II, LLC, and Rocky Mountain Crude Oil, LLC* (the "State Action"). Plaintiff alleges negligent activity claims and premises liability. Plaintiff seeks damages in excess of $75,000.00 as he alleges damages exceeding $1,000,000.00. **FELIX ENERGY HOLDINGS II, LLC** has been merged into a successor entity, WPX Energy Permian, LLC. Both entities and their members are diverse and removal is proper.

2. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant **FELIX** removes this action to the United States District Court for the Western District of Texas, Pecos Division, which is the judicial district in which the action is pending.

## II.
## PROCEDURAL REQUIREMENTS

3. The State Action is properly removed to this Court. The State Action is pending in the 143rd Judicial District Court of Reeves County, Texas. Reeves County, Texas is one of the counties within the Pecos Division for the Western District of Texas. 28 U.S.C. §§ 1441, 1446(a).

4. Defendant timely removes the State Action because Defendant received notice of the State Action less than thirty days prior to the date of removal. Service of process on Defendant was received March 24, 2021. A true and correct copy of the First Amended Petition is attached as **Exhibit A**. Less than thirty days have passed since Defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

## III.
## BASIS FOR REMOVAL

5. Removal is proper in this situation because **ALFREDO ODAR**'s causes of action against **FELIX ENERGY HOLDINGS II, LLC** invoke this Honorable Court's diversity jurisdiction and the amount in controversy exceeds $75,000.00. **ODAR** claims "monetary relief over $1,000,000" in paragraph 2 of his state court petition.

### A.   The Proper Parties are of Diverse Citizenship.

6. Plaintiff is a citizen of Texas. Plaintiff's First Amended Petition alleges that his residential address and domicile are in Harris County, Texas. *See* **Exhibit A**. Defendant, **FELIX ENERGY HOLDINGS II, LLC** is a limited liability company organized under the state laws of Delaware. On June 1, 2020, **FELIX ENERGY HOLDINGS II, LLC** merged into WPX Energy

Permian, LLC.  WPX Energy Permian, LLC is a Delaware limited liability company with its principal place of business in Oklahoma. WPX Energy Inc. is the sole member of WPX Energy Permian, LLC.  WPX Energy, Inc. is a Delaware corporation with its principal place of business in Oklahoma.

7. Defendant, **ROCKY MOUNTAIN CRUDE OIL, LLC**, is a limited liability company organized under the laws of Texas but is improperly joined.

8. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Likewise, "the citizenship of an LLC is determined by the citizenship of all of its members." *Id.* at 1080. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005).

9. For the purpose of diversity, Defendant, **FELIX ENERGY HOLDINGS II, LLC** is a Delaware limited liability company.  Further its successor entity, WPX Energy Permian, LLC is a Delaware limited liability company with its principal place of business in Oklahoma with a Delaware corporation as its sole member.  Accordingly, there is diversity of citizenship between Plaintiff and **FELIX ENERGY HOLDINGS II, LLC**.

> B. **<u>The Court Should Disregard the Citizenship of Defendant Rocky Mountain Crude Oil, LLC, Odar's employer, as it is Improperly Joined</u>.**

10. For the purposes of citizenship, **ROCKY MOUNTAIN CRUDE OIL, LLC**, Plaintiff's employer, has been improperly joined for the sole purpose of defeating diversity jurisdiction. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981). Courts have removal jurisdiction over cases in which an in-state Defendant has been fraudulently joined. *Rawls v. Old Republic Gen. Ins. Group, Inc.*, 489 F. Supp. 3d 646, 654 (S.D. Tex. 2020).

11. To establish that an in-state Defendant has been fraudulently joined, the removing party must show either "that there is no possibility that the Plaintiff would be able to establish a cause of action against the in-state court; or that there has been outright fraud in the Plaintiff's pleading of jurisdictional facts." *B., Inc.*, 663 F.2d at 549. Here, Plaintiff's exclusive remedy against **ROCKY MOUNTAIN CRUDE OIL, LLC** is under a Workers' Compensation claim and there is no valid state court cause of action. *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 145 (Tex. 2003). Defendant **ROCKY MOUNTAIN CRUDE OIL, LLC**, has been fraudulently joined; therefore, this case is properly removed.

12. Diversity is complete because Plaintiff is a Texas Citizen and Defendant **FELIX ENERGY HOLDINGS II, LLC** is not a citizen of Texas. Removal is proper under Section 1441(b)(2) because no Defendant is a citizen of Texas, the state in which Plaintiff brought the State Action. 27 U.S.C. §1441(b)(2).

    **C.**    **Amount in Controversy – Plaintiff seeks more than $1,000,000.**

13. The minimum amount in controversy requirement is met in this case. This case involves an amount in controversy that exceeds $75,000.00. See Ex. B. *See* 28 U.S.C. § 1332; *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("This [amount in controversy] requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 . . ."). Plaintiff alleges in paragraph 2 of his Petition that he "seeks monetary relief over $1,000,000."

14. Based on the allegations in Plaintiff's petition, the amount in controversy exceeds $75,00.00. Because there is also complete diversity between the Defendants and Plaintiff, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and this Notice of Removal is proper and timely filed. *See* 28 U.S.C. §§ 1332(a), 1441, 1446.

## **CONCLUSION**

WHEREFORE, Defendant removes this action from the 143rd Judicial District Court of Reeves County, Texas, to the United States District Court for the Western District of Texas, Pecos Division, so that this Court may assume jurisdiction over the cause as provided by law. Defendant prays for such other and further relief, in law and in equity, both general and specific, to which it may show itself to be justly entitled.

Respectfully submitted,

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
T: (432) 332-0893
F: (432) 333-5002
E: dharper@shaferfirm.com

BY: */S/ DANIEL J. HARPER*
  **DANIEL J. HARPER**
  State Bar No. 24074363

**ATTORNEY FOR DEFENDANT**
**FELIX ENERGY HOLDINGS II, LLC**

Case 4:21-cv-00027-DC-DF   Document 1   Filed 04/22/21   Page 6 of 6

## **CERTIFICATE OF SERVICE**

On the 22nd day of April 2021, a true and correct copy of the above and foregoing instrument has been served on:

Mr. Juan C. Garcia
JOHNSON GARCIA, LLP
Two Arena Place
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
juan@johnsongarcialaw.com
*Attorneys for Plaintiff*

/S/ DANIEL J. HARPER_____
**DANIEL J. HARPER**